JOHN J. SMITH, PLAINTIFF-RESPONDENT, v. NATIONAL UNION FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT.

Submitted May term, 1925—Decided October 6, 1925.

Insurance—Theft—Automobile—Judgment Reversed For Trial Errors—Policy Not in Evidence, Nor Was Copy as a Legal Substitute—Copy of Estimate of Repairs Not Evidential—Complaint Against H., Charging Theft, Not Evidence—Other Offerings Not Evidence.

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Eichmann & Seiden.*

For the respondent, *A. Harry Moore.*

PER CURIAM.

This suit was brought to recover compensation for physical damage to a Ford touring automobile under a policy which covered the owner against fire, theft and transportation.

The car was stolen September 21st, 1924, from the plaintiff's garage. The case was tried by the court without a jury, resulting in a judgment of $299.05 for the plaintiff.

The defendant files seventeen specifications of determinations with which it is dissatisfied in point of law. These points are argued under seven heads in the appellant's brief. The judgment will have to be reversed for trial errors. *Exhibit P 2* is "assured's memorandum of automobile insurance;" it recites "that it is subject to the terms and conditions of an open policy issued to and in possession of Edison & Company, Inc." This made it necessary for the plaintiff to produce the original, or give evidence excusing its non-production, and then offer a copy of the policy in evidence. This was not done. It is reversible error. So, *Exhibit P 3,* a copy of an estimate of repairs made by the Lanning Automobile Company. This was not evidential. So, *Exhibit P 4,* a complaint made by Patrolman Richard Lonergan against one Richard Harris, in the First Criminal Court of Jersey City, the complaint charging that the said Richard Harris stole a Ford touring automobile, which was the property of John Smith. So, *Exhibit P 5,* an envelope or jacket used for containing papers. This was merely a memorandum to be used in the prosecutor's office for working up the case. So, *Exhibit P 6,* a certified copy of the proceedings in the Court of Special Sessions of Hudson county against one Richard Harris. The rule for assessing damages is stated with clearness in the case of *Centre Garage* v. *Columbia Ins. Co., 96 N. J. L.* 456.

For the errors appearing in the record, the judgment is reversed and a *venire de novo* awarded.